1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Jeffrey William Bartsch, | ) | CV-06-486-TUC-DCB (JCG) |
| Petitioner, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Dora B. Schriro, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Jeffrey William Bartsch, presently incarcerated at the Arizona State Prison Complex, Santa Rita Unit, in Tucson, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation.  Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1) and Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer").  (Doc. No. 15.) The Magistrate Judge recommends that the District Court dismiss the petition on the ground that it is time barred.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 1993, Petitioner pled guilty to one count of armed robbery committed while on parole and with a prior felony conviction.  (Answer, Ex. A.)  Petitioner was sentenced to an aggravated prison term of fifteen years, without eligibility for parole or early release.  (*Id.*)

Petitioner filed notices of post-conviction relief on January 12, 1994 and January 25,

1994 ("First and Second Rule 32 Petitions").[1]  (Answer, Exs. B & C.)  On May 31, 1994, Petitioner, through counsel, filed a motion to dismiss his post-conviction proceedings. (Answer, Ex. C.)  The motion was granted on June 9, 1994. (Answer, Ex. C.)

On February 12, 1997, Petitioner filed a third notice of post-conviction relief. (Answer, Ex. D.)  On May 29, 1997, Petitioner filed a petition for post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P.  ( "Third Rule 32 Petition") raising three claims: (1) Petitioner's plea was not voluntarily and intelligently made because his trial counsel gave him erroneous advice as to the sentence he would be facing if he were convicted at trial,  (2) Petitioner received ineffective assistance of counsel because his trial counsel gave him erroneous advice as to the sentence he would be facing if he were convicted at trial, and (3) Petitioner's sentence should not have been aggravated pursuant to A.R.S. § 13-702. (Answer, Ex. E.)  The trial court denied Petitioner's Third Rule 32 Petition on September 29, 1997.  (Answer, Ex. F.)

On August 13, 2003, Petitioner filed a fourth notice of post-conviction relief. (Answer, Ex. G.)  On August 25, 2003, Petitioner filed a fourth petition for post-conviction relief ("Fourth Rule 32 Petition"), which he later supplemented.  (Answer, Exs. H & I.) Petitioner's Fourth Rule 32 Petition presented numerous claims which, on December 2, 2004, the trial court found to be precluded, either because they had been raised in the previous proceedings or because Petitioner had failed to raise them and had thereby waived them. (Answer, Exs. A & J.)  The trial court also concluded that Petitioner's claims for ineffective assistance of trial and post-conviction counsel were without merit.  (Answer, Ex. J.) Petitioner petitioned for review by the Arizona Court of Appeals of the trial court's denial of his Fourth Rule 32 Petition.[2]  (Answer, Ex. A.)  On June 30, 2005, the Court of Appeals

---

[1] Respondents' brief does not include the fact that Petitioner filed two notices of post-conviction relief in January, 1994.  Thus what Respondents refer to as Petitioner's "second PCR notice," was actually his third, and what Respondents refer to as Petitioner's "third PCR notice" was actually his fourth.  *See* Answer, Ex. A, pgs. 2 & 3 (summarizing procedural history of Petitioner's post-conviction relief proceedings).

[2] Copies of Petitioner's petitions for review by the Arizona Court of Appeals and the Arizona Supreme Court are not included in the record provided by Respondents.

denied Petitioner's request for relief. (*Id*.) Petitioner petitioned the Arizona Supreme Court for review; the Supreme Court denied review on February 7, 2006. (Answer, Ex. K.)

On September 19, 2006, Petitioner filed his present federal habeas petition in this Court. (Doc. No. 1.) The Petition presents eight claims for relief: (1) Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when he was improperly indicted on charges of committing armed robbery with a gun, because no gun was discovered on his person at the time of his arrest, (2) the trial court violated Petitioner's due process and equal protection rights in its application of certain aggravating factors, (3) the trial court erred, the prosecutor engaged in misconduct and Petitioner received ineffective assistance of counsel because each erroneously asserted and held that Petitioner's five charges of armed robbery could be considered as priors, which would increase the sentence he would be facing if he were convicted at trial, (4) the trial court improperly aggravated Petitioner's sentence in violation of state law and the rules of court, (5) Petitioner was improperly ordered to pay restitution in violation of his Sixth and Eighth Amendment rights, (6) the prosecutor assigned to Petitioner's case engaged in prosecutorial misconduct by participating in a group designed to utilize Arizona's criminal justice system for financial gain, (7) Petitioner received ineffective assistance of all trial and post-conviction counsel and (8) Petitioner has been diagnosed with Hepatitis C, which should have been considered as a mitigating factor during sentencing.

## **DISCUSSION**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1).

The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

1    been newly recognized by the Supreme Court and made retroactively applicable to cases on

2    collateral review; or (4) the date on which the factual predicate of the claim or claims

3    presented could have been discovered through the exercise of due diligence.  28 U.S.C. §

4    2244(d)(1).

5           Petitioner's First and Second Rule 32 Petitions were dismissed on June 9, 1994,

6    however, the 1-year statute of limitations period did not begin to run until April 25, 1996 –

7    the day after AEDPA became effective.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th

8    Cir. 2001).  From that date, Petitioner let 293 days elapse before initiating his 3rd Rule 32

9    proceedings on February 12, 1997.  *See* 28 U.S.C. § 2244(d)(2) (stating that the statute of

10   limitations is tolled during the time that a properly filed application for state post-conviction

11   relief is pending).  Accordingly, when Petitioner's Third Rule 32 Petition was dismissed on

12   September 29, 1997, Petitioner had 72 days, or until December 10, 1997, to file his federal

13   habeas petition.  *See Biggs v. Duncan*, 339 F.3d 1045, 1047 (9th Cir. 2003) (holding that the

14   time between the conclusion of a first round of post-conviction relief proceedings and a

15   second round of post-conviction relief proceedings counts against 28 U.S.C. § 2244(d)(1)'s

16   1-year filing deadline).  Nearly six years passed before Petitioner initiated his Fourth Rule

17   32 proceedings on August 13, 2003.  Thus, Petitioner's 1-year statute of limitations had run

18   long before he filed his federal Petition on September 19, 2006.  The Petition was not timely

19   filed.

20          Equitable tolling may be available even after the statute of limitations period has

21   expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file

22   a petition on time." *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th

23   Cir. 1997), overruled on other grounds, *Calderon v. United States Dist. Ct.*, 163 F.3d 530

24   (9th Cir. 1998)(en banc).  Equitable tolling is appropriate only if extraordinary circumstances

25   beyond a prisoner's control make it impossible to file a petition on time, and is unavailable

26   in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v.

27   Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). Petitioner has not

28   alleged any grounds for equitable tolling of the statute of limitations in this case.

4

1   Accordingly, the Petition is time-barred.

2   <u>**RECOMMENDATION**</u>

3   Based on the foregoing, the Magistrate Judge recommends that the District Court enter

4   an order DISMISSING the Petition for Writ of Habeas Corpus.

5   Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

6   ten days of being served with a copy of the Report and Recommendation.  If objections are

7   not timely filed, they may be deemed waived. The parties are advised that any objections

8   filed are to be identified with the following case number: **CV-06-486-TUC-DCB.**

9   The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner

10  and counsel for Respondents.

11  DATED this 23rd day of October, 2007.

12

13

14

15  _____
    Jennifer C. Guerin
16  United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

5